### ARAPIAN et al. v. RICE et al.

(District Court, S. D. Florida. June 28, 1923.)

#### No. 219.

Mortgages ⬤⟳447, 554—Description in foreclosure proceedings held to include all land mortgaged.

A description in the complaint for foreclosure and the deed to the receiver of the land as "the N. W. ¼ and the S. E. ¼ of the N. W. ¼" of a designated section covered all of the lands in the northwest quarter of that section, and the fact that it covered more land than the mortgagor

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

owned, and was followed by a further description indicating an intent not to include the whole quarter section, does not prevent it from covering the northeast quarter of that quarter section, which it should have covered, instead of the southeast quarter.

In Equity. Suit by A. G. Arapian and another against William A. Rice and others to remove clouds on title. On final hearing. Bill dismissed.

Burdine & Barco, of Miami, Fla., and Anderson, Rountree & Crenshaw, of Atlanta, Ga., for complainants.

Shutts & Bowen and Willard & Knight, all of Miami, Fla., for defendants.

CALL, District Judge. This cause comes on for final hearing upon the bill of complaint, as amended, the answers thereto, and the testimony taken herein, and was duly argued and submitted. The bill seeks to have certain conveyances declared void, as clouds upon the title of complainants to the N. E. ¼ of N. W. ¼ of section 16, township 54 S., range 41 east, Dade county, Fla. The suit was first brought by A. G. Arapian, and afterwards amended to make his brother by a subsequent marriage a party complainant, and making such changes only as necessary to show the joint interest of the two as heirs of their ancestor.

Certain facts are stipulated showing jurisdiction of this court. The title of complainants' ancestor in and to the lands, that complainants are the sole heirs at law of the ancestor, and that defendants claim title through certain foreclosure proceedings brought against the ancestor during his lifetime. The record shows a mortgage deed, dated May 20, 1893, by the ancestor and his wife to Peter A. Williams, receiver of the Bank of Key West, to secure the payment of certain promissory notes due said bank. The description of the land in said mortgage is as follows:

"The N. W. ¼ and the N. E. ¼ of the N. W. ¼, and the N. W. ¼ and the N. E. ¼ of the N. E. ¼ of section 16 (sixteen), (being the north half of the N. W. and N. E. quarters of said section sixteen [16] in township fifty-four [54] south, of range forty-one [41] east), containing one hundred and sixty acres."

In 1903 a bill was filed by the then receiver of the bank to foreclose this mortgage, describing the lands as above set forth, except the second description; the bill of complaint having "S. E. ¼ of the N. W. ¼," instead of "N. E. ¼ of the N. W. ¼." On May 9, 1903, a final decree was entered, adjudicating the amount due at $27,469.39, and ordering the premises described in the bill of complaint be sold in default of payment. At the sale the receiver of the bank became the purchaser of the lands for the consideration of $625. In the deed to the receiver the land was described as in the bill of complaint, the "S. E. ¼ of the N. W. ¼," instead of "N. E. ¼ of N. W. ¼," as described in the mortgage. In 1908 the receiver conveyed the lands to Rice, one of the defendants, describing them as the north one-half of the north one-half of said section. Whatever title the other defendants had is deraigned through Rice.

The complainants base whatever right they have upon the fact that the bill to foreclose the mortgage substituted "S. E. ¼" for "N. E. ¼" of N. W. ¼ of the section, contending that therefore the title to the N. E. ¼ of the N. W. ¼ of the section was never divested out of their ancestor. Much testimony was adduced on both sides; the complainants contending that no acts of possession under the Florida statutes had taken place, and the defendants contending otherwise.

I have not deemed it necessary to go into these questions, for the reason that the descriptions in the various documents filed in evidence show that whatever title complainants' ancestor had in and to the N. E. ¼ of the N. W. ¼ of the section was divested by the foreclosure proceedings, for the reason that each of these documents, from the mortgage to the deed to the receiver of the bank, covered the entire N. W. ¼ of the section, and the greater, of course, includes the lesser. Each of the descriptions commence with the "N. W. ¼" of the section. It is true that words are used subsequent to the description which indicate that only the north half of the N. W. ¼ of the section, along with the N. ½ of the N. E. ¼, were intended to be conveyed; but this I take it would not afford comfort to the complainants in this case. The fact that their ancestor mortgaged more land than he owned would not support their case, so long as the description covered the lands claimed by them.

I am of opinion, therefore, that the equities are with the defendants, and that the bill must be dismissed. It will be so ordered.